**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Oklahoma ProCure Management, LLC,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 18-12622 (MFW)<br><br>**RE: D.I. 284 & 314** |

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER APPROVING AND CONFIRMING COMBINED DISCLOSURE STATEMENT AND FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION PROPOSED BY THE DEBTOR**

Upon consideration of the *Motion of Debtor for Entry of an Order (I) Approving the Combined D.S. & Plan on an Interim Basis for Solicitation Purposes Only, (II) Approving the Form of Ballot and Solicitation Materials, (III) Fixing the Date, Time and Place for the Confirmation Hearing and the Deadline for Filing Objections Thereto and (IV) Approving Related Notice Procedures* [D.I. 284] (the "Motion") and the *Combined Disclosure Statement and First Amended Chapter 11 Plan of Liquidation Proposed by the Debtor,* filed April 2, 2019 [D.I. 304, Ex. A] (as revised on April 4, 2019, [D.I. 314] and together with all annexes, schedules, exhibits and related documents, the "Combined D.S. & Plan") by the above-captioned debtor in possession (the "Debtor");[2] it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court, by Order dated April 4, 2019 [D.I. 310] (the "Interim Approval and Procedures Order"), having conditionally approved the Combined D.S. & Plan for solicitation purposes only and authorized the Debtor to solicit approvals for the

---

[1] The Debtor in this case, along with the last four digits of the Debtor's federal EIN, is Oklahoma ProCure Management, LLC (9763). The Debtor's mailing address is c/o Loughlin Management Partners + Company, 20 West 55th Street, New York, New York 10019 (Attn: Tom H. Wang).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Combined D.S. & Plan, as applicable.

Combined D.S. & Plan; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. § 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having authority to hear the matters raised in the Motion pursuant to 28 U.S.C. § 157; and the Court having venue pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion and opportunity for a hearing on the Motion having been given to the parties listed therein; and all objections and all reservations of rights that have not been withdrawn, waived, or settled pertaining to confirmation of the Combined D.S. & Plan, having been overruled on the merits; and a hearing having been held on May 28, 2019 regarding final approval and confirmation of the Combined D.S. & Plan (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor, its stakeholders, its estate and all other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor the Court hereby makes the following:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

        A.    The findings and conclusions set forth herein and on the record of the Hearing constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. This Court has jurisdiction over the Debtor's Chapter 11 Case pursuant to 28 U.S.C. §§ 1334(a) and 157(1) and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012. Venue of this proceeding and the Chapter 11 Case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2) and the Court may enter a final order hereon under Article III of the U.S. Constitution.

C. On March 14, 2019, the Debtor filed the initial version of the Combined D.S. & Plan [D.I. 285]. On April 4, 2019, the Debtor filed the conformed version of the Combined D.S. & Plan [D.I. 314] which was approved by the Court on an interim basis. The filing of the Combined D.S. & Plan satisfies Rule 3016 of the Bankruptcy Rules and Rule 3017-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>").

D. On April 8, 2019, the Debtor caused the Ballots (as defined in the Interim Approval and Procedures Order) to be distributed as required by Bankruptcy Code Sections 1125 and 1126, Bankruptcy Rules 3017 and 3018, the Local Rules, all other applicable provisions of the Bankruptcy Code, the Interim Approval and Procedures Order, and all other rules, laws and regulations applicable to such solicitation. The Solicitation Packages were transmitted as set forth in the Affidavit of Service [D.I. 317] to Holders of Claims in Classes 3 and 4. Sufficient time was provided for Holders of Claims in Classes 3 and 4 to accept, reject or object to confirmation of the Combined D.S. & Plan. Such transmittal and service was adequate and sufficient under the circumstances and no other or further notice is or shall be required.

E. The Debtor has provided proper, adequate, and sufficient notice of the Combined D.S. & Plan and Hearing, as required by Bankruptcy Rule 3017(d), to all Holders of

Claims and Equity Interests and all other parties in interest, and no other or further notice is or shall be required.

F. The Combined D.S. & Plan contains adequate information within the meaning of section 1125 of the Bankruptcy Code. No further information is necessary.

G. The solicitation of acceptance or rejection of the Combined D.S. & Plan has been fair, properly conducted, in good faith and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, the Interim Approval and Procedures Order, and all other rules, laws and regulations applicable to such solicitation.

H. The Combined D.S. & Plan complies with all of the applicable provisions of the Bankruptcy Code including, but not limited to: (i) the proper classification of Claims and Interests (Bankruptcy Code Sections 1122, 1123(a)(1)); (ii) the specification of Unimpaired Classes (Bankruptcy Code Section 1123(a)(2)); (iii) the specification of treatment of Impaired Classes (Bankruptcy Code Section 1123(a)(3)); (iv) the provision for the equal treatment of each Claim or Interest within a particular class (Bankruptcy Code Section 1123(a)(4)); (v) the provision for adequate and proper means of implementation (Bankruptcy Code Section 1123(a)(5)); (vi) the prohibition against the issuance of non-voting equity securities (Bankruptcy Code Section 1123(a)(6)); (vii) the manner of selection of the Wind-Down Administrator (Bankruptcy Code Section 1123(a)(7)); and (viii) the inclusion of additional Plan provisions permitted to effectuate and implement the transactions contemplated by the Combined D.S. & Plan (Bankruptcy Code Section 1123(b)); and, thus, the Combined D.S. & Plan satisfies Bankruptcy Code Section 1129(a)(1).

I. As required by Bankruptcy Code Section 1129(a)(2), the Debtor, as proponent of the Combined D.S. & Plan, has complied with the Bankruptcy Code, Bankruptcy

Rules, Local Rules, Interim Approval and Procedures Order, all other rules, laws and regulations applicable to such solicitation, and other orders of this Court. In particular, the Debtor is a proper debtor under Bankruptcy Code Section 109 and a proper proponent of the Combined D.S. & Plan pursuant to Bankruptcy Code Section 1121(a).

J. The Combined D.S. & Plan has been proposed in good faith and in compliance with applicable provisions of the Bankruptcy Code and not by any means forbidden by law, thus satisfying Bankruptcy Code Section 1129(a)(3).

K. Any payments made or promised by the Debtor for services or for costs and expenses in, or in connection with, the case, or in connection with the Combined D.S. & Plan and incident to the case, has been approved by, or is subject to approval of the Court as reasonable, thus satisfying Bankruptcy Code Section 1129(a)(4).

L. The identity of, and the terms of the proposed compensation to be paid to, the proposed Wind-Down Administrator is consistent with the interests of the Debtor's creditors and Holders of Interests and with public policy and thus, the Combined D.S. & Plan satisfies Bankruptcy Code Section 1129(a)(5).

M. The provisions of Bankruptcy Code Section 1129(a)(6) are inapplicable to this case.

N. As evidenced by the Combined D.S. & Plan and at the Hearing, each holder of a Claim or Interest in each Impaired Class has either accepted the Combined D.S. & Plan or will receive or retain under the Combined D.S. & Plan property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor liquidated under Chapter 7 of the Bankruptcy Code on such date. Thus, the Combined D.S. & Plan satisfies Bankruptcy Code Section 1129(a)(7).

  O. Classes 3 and 4 have voted to accept the Combined D.S. & Plan. Classes 1 and 2 are not impaired under the Combined D.S. & Plan and are, therefore, deemed to have accepted the Combined D.S. & Plan under Bankruptcy Code Section 1126(f), thus satisfying Bankruptcy Code Section 1129(a)(8). The remaining classes of Claims and Interests are Impaired by the Combined D.S. & Plan and are not entitled to receive or retain any property under the Combined D.S. & Plan and, therefore, are deemed to have rejected the Combined D.S. & Plan pursuant to section 1126(g) of the Bankruptcy Code. As found and determined below, pursuant to section 1129(b)(1) of the Bankruptcy Code, the Combined D.S. & Plan may be confirmed notwithstanding the fact that such classes are Impaired and are deemed to have rejected the Combined D.S. & Plan.

  P. Except to the extent that the Holder of a particular Claim has agreed to a different treatment of such Claim, the treatment of Claims under the Combined D.S. & Plan of the type specified in Bankruptcy Code Sections 507(a)(1) and 507(a)(3) to 507(a)(8), if any, complies with the provisions of Bankruptcy Code Section 1129(a)(9).

  Q. At least one impaired class of Claims has accepted the Combined D.S. & Plan, determined without including any acceptances of the Combined D.S. & Plan by any insider. Thus, the Combined D.S. & Plan satisfies Bankruptcy Code Section 1129(a)(10).

  R. The Combined D.S. & Plan provides for adequate means for its implementation and, thus, satisfies the requirements of Bankruptcy Code Section 1129(a)(11).

  S. All fees payable under section 1930 of title 28 of the United States Code have either been paid or will be paid under the Combined D.S. & Plan by the Effective Date. Thus, the Combined D.S. & Plan satisfies Bankruptcy Code Section 1129(a)(12).

  T. The Debtor never offered "retiree benefits," as that term is used in the

Bankruptcy Code, is not required to pay a domestic support obligation, and is not an individual. Accordingly, Bankruptcy Code Sections 1129(a)(13)-(15) are inapplicable.

U. The Debtor is not a moneyed, business, and/or commercial corporation. Accordingly, Bankruptcy Code Section 1129(a)(16) is inapplicable.

V. The primary purpose of the Combined D.S. & Plan is not the avoidance of taxes or the requirements of Section 5 of the Securities Act of 1933.

W. Confirmation of the Combined D.S. & Plan is not likely to be followed by the need for further financial reorganization of the Debtor.

X. The Debtor has acted in good faith with respect to the formulation, solicitation and confirmation of the Combined D.S. & Plan pursuant to Bankruptcy Code Section 1125(e).

Y. Holders of Claims and Interests in Classes 5 and 6 are deemed to have not accepted the Combined D.S. & Plan. Based upon the evidence proffered, adduced, and presented by the Debtor at the Confirmation Hearing, the Combined D.S. & Plan does not discriminate unfairly and is fair and equitable with respect to the aforementioned Classes, as required by sections 1129(b)(1) and (b)(2) of the Bankruptcy Code. Thus, the Combined D.S. & Plan may be confirmed notwithstanding the deemed rejection of the Combined D.S. & Plan by the Holders of Claims and Interests in Classes 5 and 6.

Z. As a result of the foregoing, the Combined D.S. & Plan satisfies all applicable confirmation requirements.

AA. The transactions contemplated pursuant to Article IX and all other provisions of the Combined D.S. & Plan involving the Post-Effective Date Debtor are essential elements of the Combined D.S. & Plan, proposed in good faith, critical to the Combined D.S. &

Plan, and in the best interests of the Debtor, its Estate, all Holders of Claims, all Holders of Interests, and all other parties in interest. All of the documents to be executed and delivered in connection with such transactions were negotiated, proposed and will be, or have been, entered into in good faith, without collusion, and from arm's length bargaining positions. All of such documents are, or will be, valid, binding and enforceable agreements, and are not in conflict with any applicable federal or state law.

BB. The conditions to the occurrence of the Effective Date in Article XIII of the Combined D.S. & Plan are reasonably likely to be satisfied or waived in accordance with the Combined D.S. & Plan.

CC. With respect to any and all Executory Contracts of the Debtor that have not been assumed or assumed and assigned by the Debtor as of the Confirmation Date, such Executory Contracts are burdensome to the Estate and rejection of such Executory Contracts is in the best interests of the Estate.

DD. The Releases as set forth in Article XIV of the Combined D.S. & Plan are: (i) in exchange for the good and valuable consideration provided by the Released Parties (as applicable); (ii) a good faith settlement and compromise of the claims released by Article XIV of the Combined D.S. & Plan; (iii) in the best interests of the Debtor and its Estate; (iv) fair, equitable, and reasonable; (v) given and made after due notice and opportunity for hearing; and (vi) a bar to any Person asserting any claim or Cause of Action released by Article XIV of the Combined D.S. & Plan. The releases in Article XIV of the Combined D.S. & Plan are consensual in nature.

EE. To the extent that the issuance of one membership interest in the Post-Effective Debtor to the Wind-Down Administrator pursuant to Section 9.4 constitutes the

"issuance" of securities, Bankruptcy Code Section 1145 applies to the distribution of such common stock, and the issuance of such stock under the Combined D.S. & Plan is exempt from registration pursuant to Bankruptcy Code Section 1145.

FF.  Modifications made to the Combined D.S. & Plan since the solicitation comply in all respects with Section 16.1 of the Combined D.S. & Plan and sections 1122 and 1123 of the Bankruptcy Code, as required under section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019. The inclusion of certain modifications to the Combined D.S. & Plan in the proposed form of this Order filed with the Court in advance of the Confirmation Hearing and the disclosure of the modifications to the Combined D.S. & Plan on the record at the Confirmation Hearing constitutes due and sufficient notice of such modifications, and the Court hereby finds that such modifications are non-material, not adverse to any party in interest under the Plan and do not require the re-solicitation of any Class.

GG.  The Debtor, as proponent of the Combined D.S. & Plan, has met its burden of proving the elements of Bankruptcy Code Sections 1129(a) and (b) by a preponderance of the evidence, with the applicable evidentiary standard. This Court also finds that the Debtor has satisfied the elements of Bankruptcy Code Sections 1129(a) and (b) under the clear and convincing standard of proof.

HH.  This Court may retain jurisdiction over the matters set forth in Article XV of the Combined D.S. & Plan.

II.  Under the circumstances, it is appropriate that the 14-day stay imposed by Bankruptcy Rules 3020(e) and 7062(a) be waived.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.  The Combined D.S. & Plan, as and to the extent modified by this

Confirmation Order, is confirmed pursuant to section 1129 of the Bankruptcy Code; provided, however, that, if there is any conflict between the terms of the Combined D.S. & Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control. Any objections to confirmation of the Combined D.S. & Plan, or any reservations of rights thereto, to the extent not withdrawn, waived, or resolved herein, are hereby overruled and denied on the merits.

2. Notice of the Combined D.S. & Plan and all amendments and modifications thereto was proper and adequate.

3. The Combined D.S. & Plan is approved on a final basis as containing adequate information within the meaning of section 1125 of the Bankruptcy Code, and any objections to the adequacy of the information contained in the Combined D.S. & Plan not otherwise consensually resolved are overruled.

4. Subject to the provisions of the Combined D.S. & Plan, in accordance with Bankruptcy Code Section 1141(a), and notwithstanding any otherwise applicable law, upon the occurrence of the Effective Date, the terms of the Combined D.S. & Plan and this Confirmation Order shall be binding upon, and inure to the benefit of: (i) the Debtor; (ii) the Post-Effective Date Debtor; (iii) any and all Holders of Claims or Interests (irrespective of whether any of such Claims or Interests are Impaired under the Combined D.S. & Plan or whether the Holders of such Claims or Interests accepted, rejected or are deemed to have accepted or rejected the Combined D.S. & Plan, or whether such Holders filed a proof of claim or interest); (iv) any other Person giving, acquiring or receiving property under the Combined D.S. & Plan; (v) any and all non-Debtor Parties to any contracts or unexpired leases executed with the Debtor; (vi) the Wind-Down Administrator, in its capacity as such; and (vii) the

respective Affiliates, officers, directors, agents, representatives, attorneys, successors or assigns, if any, of any of the foregoing. On the Effective Date, except as otherwise set forth in the Combined D.S. & Plan: (i) all settlements, compromises, releases, waivers, exculpations and injunctions set forth in the Combined D.S. & Plan shall be effective and binding on all Persons; and (ii) all property of the Debtor's Estate (including, but not limited to, the Retained Causes of Action) shall vest in the Post-Effective Date Debtor in accordance with the Combined D.S. & Plan, free and clear of all liens, claims, encumbrances, and/or interests of creditors and equity security holders, except as expressly provided in the Combined D.S. & Plan.

5. The payment or other satisfaction of Allowed Claims as set forth in the Combined D.S. & Plan is hereby approved.

6. The Debtor shall remain a debtor-in-possession under the Bankruptcy Code until the Effective Date. The Debtor, Post-Effective Date Debtor, and Wind-Down Administrator are hereby authorized to wind up the Debtor's affairs and may make distributions after the Effective Date in accordance with this Confirmation Order and the Combined D.S. & Plan.

7. The appointment of the Wind-Down Administrator and the terms of the proposed compensation thereof are hereby approved. Loughlin Management Partners & Company, Inc. ("LM+Co") shall be appointed as the Wind-Down Administrator. The Wind-Down Administrator shall have such rights, powers and duties and shall receive such compensation as is provided for in this Confirmation Order and the Combined D.S. & Plan.

8. Except as otherwise expressly provided under the Combined D.S. & Plan or herein, any and all Executory Contracts that have not been assumed or assumed and assigned by the Debtor as of the Confirmation Date shall be deemed rejected effective as of the Effective

Date.

9.  Notwithstanding anything to the contrary in the Combined D.S. & Plan, all Proofs of Claim with respect to Claims arising from the rejection of the Executory Contracts shall, unless another order of the Bankruptcy Court provides for an earlier date, be filed with the Bankruptcy Court within thirty (30) days after the Effective Date.  Any Proof of Claim that is not timely filed shall not be treated as a creditor or a claimant for purposes of distribution under the Combined D.S. & Plan and Holders of such Claims will not be able to assert such Claims in any manner against the Wind-Down Administrator, the Post-Effective Date Debtor, the Debtor, or its Estate, or their respective successors or assigns or their respective property.

10.  Any insurance policies of the Debtor in which the Debtor is or was an insured parties (including any policies covering directors' or officers' conduct), or any related insurance agreement issued prior to the Petition Date, shall continue in effect after the Effective Date pursuant to the respective terms and conditions and shall be treated as if assumed.  All rights of the Debtor under any insurance policies shall automatically become vested in the Post-Effective Date Debtor without necessity for further approvals or orders.  To the extent that any insurance policies or related insurance agreements constitute executory contracts, then, unless such policies have been rejected pursuant to a separate order of the Bankruptcy Court, notwithstanding anything to the contrary in the Combined D.S. & Plan, assumption of such insurance policies and related insurance agreements is approved pursuant to section 365 of the Bankruptcy Code.  No payments shall be required to cure any defaults of the Debtor existing as of the Confirmation Date with respect to any insurance policy or insurance agreement assumed, or assumed and assigned, pursuant to this Order.  Each insurance company is prohibited from, and this Confirmation Order shall constitute an injunction against, denying, refusing, altering or

delaying coverage on any basis regarding or related to the Chapter 11 Case, the Combined D.S. & Plan or any provision within the Combined D.S. & Plan, including the treatment or means of liquidation set out within the Combined D.S. & Plan for any insured Claims or Retained Causes of Action.  Without limiting the generality of the foregoing, all directors' and officers' liability insurance policies in effect as of the Confirmation Date, to the extent executory, shall be deemed assumed and shall not be rejected.

11. Unless required to be filed by an earlier date by another order of this Court, any Holder of an Administrative Claim that arose after the date of entry of the Interim Administrative Bar Date Order, other than a Professional Fee Claim or a claim for U.S. Trustee Fees, must submit to the Claims and Solicitation Agent a request for payment of such Administrative Claim so as to be received by 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days after the Effective Date.  Such request must include at a minimum: (i) the name of the Holder of the Administrative Claim; (ii) the amount of the Administrative Claim; (iii) the basis of the Administrative Claim; and (iv) all supporting documentation for the Administrative Claim.  Any Administrative Claim that is not timely filed as set forth above will be forever barred, and holders of such Administrative Claims will not be able to assert such Claims in any manner against the Wind-Down Administrator, the Post-Effective Date Debtor, the Debtor, or its Estate, or their respective successors or assigns or their respective property.

12. Unless required to be filed by an earlier date by another order of this Court, all Professional Fee Claims must be filed with the Bankruptcy Court and served on (i) the Wind-Down Administrator and its counsel, and (ii) the U.S. Trustee, so as to be received by 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days after the Effective Date.  After notice and a hearing in accordance with the procedures established by the Bankruptcy Code and

prior orders of the Bankruptcy Court in the Chapter 11 Case, the Bankruptcy Court shall determine the Allowed amounts of such Professional Fee Claims. Any request for payment of a Professional Fee Claim that is not timely filed as set forth above will be forever barred, and holders of such Professional Fee Claims will not be able to assert such Claims in any manner against the Wind-Down Administrator, the Post-Effective Date Debtor, the Debtor, or its Estate, or their respective successors or assigns or their respective property.

13.  This Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any State or any other governmental authority with respect to the implementation or consummation of the Combined D.S. & Plan and any other acts that may be necessary or appropriate for the implementation or consummation of the Combined D.S. & Plan.

14.  Pursuant to Bankruptcy Code Section 1146(a), any transfers of property under the Combined D.S. & Plan shall not be subject to any stamp tax or similar tax.

15.  To the fullest extent permissible under the Bankruptcy Code and other applicable law, except as otherwise expressly provided herein or in the Combined D.S. & Plan, the provisions of the Combined D.S. & Plan and this Confirmation Order shall be, and hereby are now, and forever afterwards, binding on the Debtor, all Holders of Claims and Equity Interests (whether or not impaired under the Combined D.S. & Plan and whether or not, if impaired, they accepted the Combined D.S. & Plan), any other party in interest, any other party making an appearance in the Chapter 11 Case, and any other person or entity affected thereby, as well as their respective heirs, successors, assigns, trustees, subsidiaries, affiliates, officers, directors, agents, employees, representatives, attorneys, beneficiaries, guardians, and similar officers, or any person claiming through or in the right of any such person or entity.

16.  Each term and provision of the Combined D.S. & Plan, as it may have

been altered or interpreted by the terms of this Confirmation Order, is (i) valid and enforceable pursuant to its terms; (ii) integral to the Combined D.S. & Plan; and (iii) non-severable and mutually dependent.

17. The Court hereby retains jurisdiction of the Debtor's Chapter 11 Case and all matters arising under, arising out of, or related to, the Chapter 11 Case and the Combined D.S. & Plan (i) as provided for in the Combined D.S. & Plan, (ii) as provided for in this Order, and (iii) for the purposes set forth in Bankruptcy Code Sections 1127 and 1142.

18. The release, exculpation and indemnification provisions contained in the Combined D.S. & Plan including, without limitation, those set forth in Sections 14.1, 14.3, 14.4, 14.5 and 14.6 of the Combined D.S. & Plan, as modified by this Confirmation Order, are hereby authorized and approved.

19. The failure to reference or discuss any particular provision of the Combined D.S. & Plan in this Order shall have no effect on the validity, binding effect and enforceability of such provision and such provision shall have the same validity, binding effect and enforceability as every other provision of the Combined D.S. & Plan.

20. The provisions of Federal Rule of Civil Procedure 62, as applicable pursuant to Bankruptcy Rule 7062, and Bankruptcy Rule 3020(e) shall not apply to this Confirmation Order, and the Debtor is authorized to consummate the Combined D.S. & Plan immediately upon satisfaction of the conditions set forth in paragraph 25 below. The period in which an appeal with respect to this Confirmation Order must be filed shall commence immediately upon the entry of this Confirmation Order.

21. Pursuant to Bankruptcy Rule 2002(f)(7) and 3020(c), the Wind-Down Administrator shall serve the Notice of Effective Date in accordance with Section 13.2 of the

Combined D.S. & Plan, no later than five (5) Business Days after the Effective Date.

22. Notwithstanding anything to the contrary in the Plan or this Confirmation Order, as to Radiation Medicine Associates P.C. ("RMA"), the Plan and this Confirmation Order are without prejudice to any rights of recoupment, rights of setoff or defenses that RMA may have in the event that the Debtor, the Estate, the Post-Effective Date Debtor or any Entity acting for or on behalf of the Debtor, the Estate or the Post-Effective Date Debtor (including in a derivative capacity) commences any Cause of Action against RMA. Additionally, without limiting the foregoing, notwithstanding RMA's waiver of the RMA Administrative Claim and the RMA Prepetition Claim pursuant to the RMA Settlement Stipulation for voting, distribution and other purposes under the Plan and in connection with the Bankruptcy Case, in the event that any such Cause of Action is brought by, for or on behalf of the Debtor, the Estate or the Post-Effective Date Debtor, as applicable, against RMA, RMA shall retain any right it would otherwise have to assert the Administrative Claim and the Prepetition Claim by way of setoff or recoupment to any liability of RMA on account of such Cause of Action (and the Debtor, the Estate and the Post-Effective Date Debtor, as applicable, shall retain any defenses thereto).

23. Notwithstanding any provision to the contrary, as between the Debtor and Purchaser, the Plan (including Section 14.5) and this Order each are without prejudice to any rights, obligations, claims or causes of action arising under any of the Sale Documents to the extent that, but for the confirmation of the Plan, the entry of this Order and the occurrence of the Effective Date, any such rights, obligations, claims or causes of action arising under any of the Sale Documents have survived the closing of the Sale.

24. Without prejudice to the effectiveness of any modifications to the Combined D.S. & Plan that appear elsewhere in this Confirmation Order, the Combined D.S. &

Plan is further modified as follows in accordance with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019:

    a.    In Section 1.1(xx) of the Combined D.S. & Plan, strike the existing definition of "Exculpated Parties" in its entirety and substitute the following:

> **"Exculpated Parties"** shall means as of the Petition Date through the date of Consummation of the Plan, (i) the Debtor, (ii) the Debtor's directors, officers and employees other than any director, officer or employee that is a Non-Released Party, (iii) the LM+Co Parties (other than the entity LM+Co), (iv) the Professionals, (v) LM+Co, (vi) the ProCure Entities, (vii) the Agent, (viii) the Pre-petition Senior Loan Parties, (ix) the DIP Lender, (x) the Purchaser, and (xi) their respective Representatives (each solely in such capacity); provided, however, that with respect to any Person identified in clause (v), (vi), (vii), (viii), (ix), (x) or (xi), such Person shall be considered an Exculpated Party solely to the extent that such Person participated in actions to which section 1125(e) of the Bankruptcy Code applies.

    b.    In Section 1.1(aaaaa) of the Combined D.S. & Plan, strike the existing definition of "Released Party" in its entirety and substitute the following:

> **"Released Party"** shall mean each of the following in their respective capacity as such: (a) the Debtor (including the Debtor in its capacity as the Post-Effective Date Debtor); (b) the Estate; (c) the Agent; (d) any Pre-petition Senior Loan Party; (e) any ProCure Entity; (f) the DIP Lender; (g) the Purchaser; and (h) with respect to each of the foregoing Persons in clauses (a) through (g), such Person's Representatives, each in their capacities as such; *provided, however,* that the following shall not be a Released Party: (x) any Non-Released Party; or (y) any Person that invokes its Opt-Out Rights.

    c.    In the first sentence of Section 9.2(c)(4) of the Combined D.S. & Plan, after the words "The power of the" insert "Wind-Down Administrator".

    d.    In Section 9.2(e) of the Combined D.S. & Plan, the following sentence shall be deleted in its entirety: "The Wind-Down Protected Parties may rely upon written information previously generated by the Debtor."

    e.    Existing Section 10.5 of the Combined D.S. & Plan is stricken in its entirety and replaced with the following:

> **10.5 EIN/TIN Information Predicates to Distributions.** The Wind-Down Administrator shall cause the

        Post-Effective Date Debtor to require any Holder of an Allowed Claim or other distributee to furnish to the Post-Effective Date Debtor in writing an Employer Identification Number or Taxpayer Identification Number as assigned by the IRS and the Post-Effective Date Debtor may condition any Distribution to any Holder of an Allowed Claim or other distributee upon receipt of such identification number.  If the Employer Identification Number or Taxpayer Identification Number are not provided by the required deadline established by the Wind-Down Administrator, which shall be no less than 30 days after the date that the Wind-Down Administrator makes such request, then at the request of the Wind-Down Administrator on behalf of the Post-Effective Date Debtor, the Bankruptcy Court may enter an order that the Claim(s) of any such Holder shall be Disallowed and no Distribution will be issued by the Post-Effective Date Debtor to such Holder or distributee.  Additionally, for the avoidance of doubt, absent further order of the Bankruptcy Court, neither the Wind-Down Administrator nor the Post-Effective Date Debtor shall have any obligation to issue any Distributions to any Holder of a Claim that has failed to timely provide the tax information required by this Section 10.5, whether or not the Bankruptcy Court has Disallowed or expunged such Holder's Claims.

        f.     In the first sentence of Section 10.9(a) of the Combined D.S. & Plan, insert the words "Wind-Down" immediately before the word "Administrator".

        g.     In Sections 12.2 and 13.2 of the Combined D.S. & Plan, wherever the words "Rejection Bar Date" appear substitute "Rejection Damages Bar Date".

        25.     Notwithstanding Bankruptcy Rules 3020(e), 6004(h), 7062, 8001 or otherwise, immediately upon the entry of this Confirmation Order, the terms of the Combined D.S. & Plan and this Confirmation Order shall be, and hereby are, immediately effective and enforceable and deemed binding upon the Debtor, the Post-Effective Date Debtor, the Wind-Down Administrator, any and all other Holders of Claims or Equity Interests (irrespective of whether such Claims or Equity Interests are Impaired under the Person or Entity acquiring property under the Combined D.S. & Plan), the Purchaser and any and all non-Debtor parties to Executory Contracts and unexpired leases with the Debtor and the respective heirs, executors, administrators, successors or assigns, affiliates, officers, directors, agents, representatives,

attorneys, beneficiaries, or guardians, if any, of any of the foregoing. The Debtor is authorized to consummate the Combined D.S. & Plan at any time after the entry of the Confirmation Order, subject to satisfaction or waiver of the conditions precedent to the occurrence of the Effective Date as set forth in Article XIII of the Combined D.S. & Plan.

**Dated: May 29th, 2019**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**